## RYON v. HATHAWAY.

(Court of Appeals of District of Columbia.
Submitted March 11, 1926.   Decided
April 5, 1926.)

No. 1846.

1. Patents ⬤═►91(4).

Party to interference proceeding *held* to have established priority in reduction to practice of device for supplying tufts in the manufacture of Axminster rugs.

2. Patents ⬤═►90(5)—Reduction to practice of improved element of combination which is not operatively different from prior art does not require that element shall have been tested in complete machine.

Where invention consists in element of a combination not operatively different from that of prior art, it is not essential to reduction to practice that improved element shall have been tested in a complete machine.

Appeal from the Commissioner of Patents.

Interference proceeding between Eppa H. Ryon and Edgar F. Hathaway. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeals. Affirmed.

C. E. Riordan, of Washington, D. C., and C. T. Hawley, of Worcester, Mass., for appellant.

G. N. Goddard, of Boston, Mass., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.   Appeal from a decision of the Patent Office in an interference proceeding awarding priority to the party Hathaway.   The single count of the issue reads as follows:

"In a loom, a pattern, a supporting tube, a spool bearing bracket secured thereto, a substantially rigid chain-engaging hook pivotally mounted on said bracket and extending within the tube, and means to force said hook yieldingly outward."

[1] While this is a combination claim, the invention really relates to a device for supplying tufts in the manufacture of Axminster rugs.   The loom is provided with movable chains, between which are suspended a series of tuft tubes extending transversely of the loom and corresponding in length with the width of the rug.   Brackets are inserted in the ends of the tube having upstanding portions, with bearings in which the ends of the tuft spool are journaled. Each bracket has an upstanding offset prong

adapted to be inserted in the links of the carrier chains.   It also has a latch member capable of being hooked over the link.

The only real novelty in the count resides in the limitation that the hook member extends within the tube.   Every element of the combination is broadly old, and the element in which any novelty resides is intended to perform, and does in fact perform, the same function as theretofore was performed by the latch of the prior art.   The Examiners in Chief and the Assistant Commissioner both ruled that it was obvious that the bracket of the issue "would do everything that the old type of bracket did; that it would possess greater strength than the old spring hook and would therefore be a superior form of bracket."

[2] The testimony clearly shows that Hathaway made a number of brackets several years prior to the earliest date that can be given Ryan for conception, although they were not used in a loom.   The Examiners in Chief and the Assistant Commissioner ruled that the invention is of such a simple character that the mere construction of the device was sufficient to constitute reduction to practice.   The contention of appellant, that as this is a combination claim the improved element should have been tested in a complete machine, leaves out of consideration the fact that the element involved is not operatively different from that of the prior art. See Rolfe v. Kaisling, 32 App. D. C. 582, and Stewart v. Thomas, 42 App. D. C. 222.

The decision is affirmed.

Affirmed.